UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

O'LIVIA FOSTER,

    Plaintiff,

vs.                      CASE NO.:

LEGENDARY ATHLETICS
GROUP, LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff O'LIVIA FOSTER ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against the Defendant, LEGENDARY ATHLETICS GROUP, LLC ("LEGENDARY"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her previous employers for violations to Section 7(r) of the Fair Labor Standards Act – Break Time for Nursing Mothers Provision (29 U.S.C. 207), as amended by the Patient Protection and Affordable Care Act. Plaintiff seeks damages, reasonable attorney's fees, and other relief allowable by law.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §207, *et. seq*.

3. Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

4. The venue of this Court over this controversy is proper as it is being brought in the state and county where Plaintiff resides and/or where at least one (1) named corporate Defendant is doing or transacting business.

## PARTIES

5. At all times material to the allegations herein, Plaintiff resided in Winter Park, Orange County, Florida.

6. Plaintiff worked as a receptionist for the Defendant.

7. At all times material to the allegations herein, Defendant LEGENDARY is and was, at all relevant times, a Florida Limited Liability Company, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

8. Thus, Defendant is an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## FLSA ENTERPRISE COVERAGE

9. At all times material to the allegations herein, Defendant LEGENDARY was an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

10. At all times material to the allegations herein, Defendant LEGENDARY was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., textiles, industrial machines, sewing equipment, computers, telephones, pens, paper, etc.).

11. Defendant LEGENDARY's employees, handled or otherwise worked with materials that have been moved in or produced for interstate commerce (i.e., textiles, industrial machines, sewing equipment, computers, telephones, pens, paper, etc.).

12. At all times material hereto, Plaintiff was an "employee" of Defendant LEGENDARY within the meaning of FLSA.

13. At all times material hereto, Defendant LEGENDARY was and continues to be an "employer" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant LEGENDARY was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendant from on or about September 21, 2021, until on or about February 14, 2022.

16. Plaintiff was a breastfeeding mother who had requested proper accommodations to express breast milk while at work.

17. Initially, Plaintiff was allowed to pump while on the clock however she would have to go into an unlocked closet where she was concerned for her privacy and was extremely cramped to the point that she was unable to extend her arms to properly pump.

18. Plaintiff complained about these conditions had asked repeatedly for a lock on the closet door for privacy while expressing breast milk.

19. Eventually, she was moved to a room on the second floor of the facility but the lock on that door was inexplicably removed.

20. Plaintiff again complained about the lack of privacy this new location provided since there was no lock on the door.

21. Rather than providing Plaintiff a safe and secure location to express breast milk, on or around February 14, 2022, Plaintiff was terminated for alleged

insubordination and inability to handle the position effectively.

22. The reason for Plaintiff's termination was false and a pretext for discrimination and retaliation because of Plaintiff's request for a secure location to express breast milk.

23. Plaintiff was entitled to reasonable break times to express breast milk and an accommodation of a private space to do so pursuant to Section 7(r) of the Fair Labor Standards Act – Break Time for Nursing Mothers Provision.

24. However, rather than provide Plaintiff with reasonable space to express breast milk, Defendant terminated Plaintiff and denied her further job assignments.

25. Defendant failed and/or refused to properly accommodate Plaintiff by providing a place to express breast milk that is shielded from view and free from intrusion.

26. Defendants terminated Plaintiff on the basis of her status as a nursing mother.

27. Defendant's failure and/or refusal to properly accommodate Plaintiff was willful.

28. Plaintiff suffered damages as a direct result of Defendant's violations of the FLSA.

## **COUNT I**
**Fair Labor Standards Act – Break Time for Nursing Mothers Provision**

29. Plaintiff re-alleges and incorporates paragraphs 1-28, as if fully set forth herein.

30. Pursuant to Section 7(r) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207), an employer shall provide nursing mothers, a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk.

31. Pursuant to Section 7(r) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207), an employer shall provide nursing mothers a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

32. Plaintiff requested reasonable break time to express breast milk and accommodation of a private space to do so.

33. Defendants failed and/or refused to properly accommodate Plaintiff by providing a place to express breast milk that is shielded from view and free from intrusion.

34. Defendants terminated Plaintiff on the basis of her status as a nursing mother.

35. Defendants' failure and/or refusal to properly accommodate Plaintiff was willful.

36. At all times material hereto, Defendants failed to properly disclose or

apprise Plaintiff of her rights under the FLSA.

37. At all times material hereto, Defendants failed to properly accommodate Plaintiff as mandated by the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Front pay and benefits;

c. Compensatory damages for emotional pain and suffering;

d. Pre and post-judgment interest;

e. Costs and attorney's fees; and

f. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 16th day of November, 2022.

*/s/ Anthony J. Hall*
ANTHONY J. HALL, ESQ.
FL Bar No.: 40924

        **THE LEACH FIRM**
        631 S. Orlando Ave., Ste. 300
        Winter Park, FL 32789
        Tel: 407-574-4999
        Fax: 321-594-7316
        Email: ahall@theleachfirm.com
        Email: aperez@theleachfirm.com
        ***Counsel for Plaintiff***